**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EMANUEL NICOLESCU, <br><br> Petitioner, <br><br> v. <br><br> WARDEN KNIGHT, <br><br> Respondent. | No. 23cv1042 (EP) <br><br> **OPINION** |

**PADIN, District Judge.**

*Pro se* Petitioner Emanuel Nicolescu, a federal prisoner incarcerated at FCI Fort Dix, New Jersey ("Fort Dix"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Federal Bureau of Prisons' ("BOP") rejection of his request for home confinement pursuant to section 12003 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").[1]  D.E. 1 ("Petition").  Respondent United States filed its opposition on May 23, 2023.  D.E. 6.  The matter was reassigned to the undersigned on June 21, 2024.  D.E. 8.

Federal courts only have jurisdiction over a matter where there is a live case or controversy to be resolved.  *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  "When the questions or issues presented are no longer live, the case is moot." *Thomas v. Att'y Gen. of U.S.*, 625 F.3d 134, 139-40 (3d Cir. 2010) (internal quotation marks omitted).  In other words, a case is moot if the circumstances present at the beginning of the case have changed such that the court can no longer provide relief.  *See id.* at 140.

---

[1]  Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020).

Respondent filed a notice of supplemental authority on August 12, 2024 arguing that the Court lacks subject matter jurisdiction over the Petition because the BOP's authority to grant home confinement pursuant to the CARES Act expired on May 11, 2023.  D.E. 9.  Respondent relied on *Perri v. Warden Fort Dix FCI*, No. 23-1451, 2024 WL 3633567, at *1 (3d Cir. Aug. 2, 2024).  In *Perri*, the petitioner's pending request for CARES Act home confinement was considered moot, and the Third Circuit directed the District Court to dismiss the Petition for lack of subject matter jurisdiction.  *Id.*

The CARES Act gave the Attorney General the authority to expand the class of inmates that could be released on home confinement under 18 U.S.C. § 3624(c)(2).  However, the BOP's expanded authority to grant home confinement "only lasted for the 'covered emergency period.'" *Perri*, 2024 WL 3633567, at *1 n.11 (quoting CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. at 516).  Pursuant to the CARES Act, the covered emergency period would end "30 days after the date on which the national emergency declaration terminate[d]."  CARES Act. § 12003(a)(2), 134 Stat. at 516.  On April 10, 2023, President Biden signed into law a joint resolution terminating the national emergency related to COVID-19.  H.J. Res. 7, Pub. L. No. 118-3, 137 Stat. 6 (2023).  Thirty days later—May 11, 2023—the covered emergency period ended along with the BOP's expanded authority to grant home confinement.  Therefore, the Court can grant Petitioner no further relief and will **DISMISS** the Petition for ***lack of jurisdiction and as moot***.

An appropriate Order accompanies this Opinion.


 **11/7/2024**
Date

Evelyn Padin, U.S.D.J.

2